**Ayele ASHEBER, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74338.

Agency No. A75–600–435.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 2004.*

Decided March 16, 2004.

Edward W. Pilot, Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Nancy E. Friedman, Washington, DC, for Respondent.

Before NOONAN, KLEINFELD, and BERZON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Petitioner Ayele Asheber argues that the immigration judge's determination that Asheber was ineligible for asylum on the basis that he had firmly resettled in Canada before entering the United States is not supported by substantial evidence. The former Immigration and Naturalization Service presented evidence to the immigration judge showing that Asheber was granted permanent residence in Canada on May 24, 1998. Having obtained permanent residence status in Canada prior to his June 13, 1998 arrival in the United States and having emigrated to Canada with an intention to remain there, Asheber met the definition of being firmly resettled. *See* 8 C.F.R. § 208.15. As Asheber failed to prove that he qualified for either of the exceptions described in 8 C.F.R. § 208.15(a) or (b), there was substantial evidence for the immigration judge's determination that Asheber was ineligible for asylum on the basis of his firm resettlement in Canada prior to entering the United States.

Asheber also objects to the summary affirmation of the immigration judge's decision by a single member of the Board of Immigration Appeals without explanation. In *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 851 (9th Cir.2003), we held that it does not violate due process for a single Board member to decide an appeal or for the Board to affirm an immigration judge's decision without issuing an opinion.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.